Shientag, J.
(dissenting). The question in this summary proceeding is whether there is any justification, under the emergency rent laws, for enforcing the collection of rent reserved in a lease between the landlord-respondent and the tenant-appellant. The lease is for four years commencing August 1, 1947, at $300 per month. Under the Commercial Rent Law (L. 1945, eh. 3, § 2, subd. [e]), emergency rent is defined as the rent reserved or payable under any lease of commercial space in force on March 1, 1943, plus 15% thereof. Section 4 provides that a rent exceeding the emergency rent may be fixed by arbitration or by the Supreme Court or, in lieu thereof, by written agreement between the landlord and tenant, subject to certain limitations, which were not observed in this case.
The facts show that H. P. Andrews Paper Company was in possession of these premises and used them for the storage of paper stock on March 1, 1943, and that they paid a rental of $50 per month.
Thereafter, one Schwartz, the president of the former corporate owner of the building, which later made the lease with the tenant herein, made a lease with Liberty Knitwear Corporation for a period of one year from April 1, 1946, at $300 a month. It is not alleged or shown that statutory proceedings, either by arbitration, Supreme Court order, or legal agreement, were entered into to justify the rent reserved in this lease. Subsequent thereto, Schwartz made a lease with "one Slack in December, 1946, for $340 per month, but no justification for this rent was offered in evidence. In February, 1947, the premises were substantially damaged by fire and the cost of rehabilitating the building was approximately $27,000. In June, 1947, after the repairs had been made, the present lease was made with the tenant.
Schwartz testified that he told the tenant the premises had been rented for $300 and later for $345 per month; that there had been a fire and the building had been renovated at a cost of $27,000. He further testified he told the tenant that the emergency rent was $345 but that he agreed to rent for $300 per month. The monthly rent of $300 was paid from August 1, 1947, to June, 1948, at which time there was a refusal to continue such payments. The record estab *928 lishes that Schwartz on no occasion resorted to arbitration, a Supreme Court proceeding or a properly negotiated lease which would justify charging more than the original $50 a month, plus 15%.
There is no claim that the rent should be fixed on the basis of a new" building, and indeed Schwartz was attempting to charge no more after the reconstruction of the building than he did when it was in its original condition.
While it may well be that, if the statutory remedies were resorted to, a rent of $300 would be appropriate, it is improper to affirm the final order in this case, since it is manifest on the record that, the emergency rent law was persistently disregarded in all respects in the fixing of this rent. Such acts are against established legislative policy and should not be sanctioned. The final order should be reversed and a final order entered in favor of the tenant, without prejudice to future proceedings on the part of the landlord for legal fixation of rent.
Dore, J. P., Cohn, Callahan and Van Voorhis, JJ., concur in Per Curiam opinion; Shientag, J., dissents and votes to reverse the final order in favor of the landlord, without prejudice to future proceedings on the part of the landlord for legal fixation of rent, in opinion.
Determination affirmed, with costs to the landlord-respondent. [See post, p. 1025.]